## Case No. 2,398.

CAREW et al. v. BOSTON ELASTIC FABRIC CO.

[Holmes, 45.] [1]

Circuit Court, D. Massachusetts. March, 1871.

PATENTS—REISSUE TO EXECUTOR.

Where a patent has by the death of the patentee devolved upon his executor, and has been by him assigned, the assignee may take a reissue in his own name and for his own benefit.

Bill in equity to restrain alleged infringement of reissued letters-patent [No. 11,698], originally granted David Hayward, August 29, 1854, for an improvement in the manufacture of india-rubber, and extended for the further term of seven years; and for an account.

The bill alleged, with other matters not material, the grant of the letters-patent to Hayward; his death, and the appointment of one [Caleb] Swan as his executor before June 3, 1867; the extension if the letters-patent for the further term of seven years, from August 29, 1868, on the application of Swan as executor; an assignment thereof by Swan, as executor, to James S. Carew, one of the complainants, on the 18th of December, 1868; and the surrender of the letters-patent by said Carew, and grant of a reissue to him [No. 3,531] on the 6th of July, 1869.

The defendant demurred to the bill, alleging for cause of demurrer, that Carew, not being the executor or administrator of Hayward, the patentee, nor an assignee of the letters-patent under any assignment by Hayward made, but the assignee of Hayward's executor, was not authorized by law to apply for and obtain a reissue of the letters-patent; and that the reissue was therefore invalid.

W. G. Russell, for complainants.

F. A. Brooks, for defendant.

SHEPLEY, Circuit Judge. The only question raised by the demurrer in this case is, whether, after the decease of a patentee without having made any assignment of his patent, and the patent has thereby devolved upon the executor, and has been by him assigned, the assignee of such executor has, by law, the right of taking out, in his own name and for his own benefit, a reissue of such patent.

The thirteenth section of the act of July, 1836 (5 Stat. 122), provides, that "whenever any patent which has heretofore been granted, or which shall hereafter be granted, shall be inoperative and invalid by reason of a defective or insufficient description or specification, or by reason of the patentee claiming in his specification, as his own invention, more than he had or shall have a right to claim as new; if the error has or shall have arisen by inadvertency, accident, or mistake, and

---

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

without any fraudulent or deceptive intention, it shall be lawful for the commissioner, upon the surrender to him of such patent and the payment of the further sum of fifteen dollars, to cause a new patent to be issued to the said inventor for the same invention, for the residue of the period then unexpired for which the original patent was granted, in accordance with the patentee's corrected description and specification; and, in case of his death or any assignment by him made of the original patent, a similar right shall vest in his executors, administrators, or assignees.

It is contended, in support of the demurrer, that the sole right to surrender and reissue under section thirteen is given: First, to the patentee, if living without having assigned; second, to his executors and administrators, after his decease without assignment; and, third, to the assignee where there has been an assignment before the death of the patentee; and to no one else. It is claimed that although the assignee of the patentee himself, or any subsequent assignee under him, may take out a reissue, the assignee of the executor cannot do so. This is practically saying, that the right which vests in the administrators or executors in relation to reissue is not a similar right to that of the deceased patentee, but a more limited and restricted one: for, if the position of the respondents is tenable, while the patentee himself could convey to his assignee, and the assigns of such assignee, the right to a reissue, his administrator or executor, by transferring the patent, would deprive the patent of the benefit and advantage of the remedial provisions of the thirteenth section; and no error arising from inadvertence, accident, or mistake could be corrected by a reissue, if the patent had once devolved upon a personal representative of the patentee and been by him transferred, although no such lapse of remedy would occur by reason or in consequence of any number of transfers or assignments through other persons, or their personal representatives or assigns.

The statute provision is remedial, and like all remedial statutes, is to be construed liberally, so as most effectually to meet the beneficial end in view and prevent a failure of the remedy. Giving to remedial statutes a benignant interpretation, the letter of the act will be sometimes enlarged, sometimes restrained, and sometimes a construction made ultra the strict letter; but not, as has been well and wisely said, contra the strict letter. Lord Coke says, "Cases out of the letter of a statute, yet being within the same mischiefe or cause of the making of the same, shall be within the same remedie that the statute provideth; and the reason hereof is, for that the law makers could not possibly set downe all cases in expresse termes." 1 Inst. 24b.

The supreme court of the United States, when dealing with the statute in question, has construed it liberally, having regard to the general intent and object of the patent law. Although the strict phraseology of the statute limits the right to obtain a reissue to the original term of fourteen years, the court has construed it to continue during the term of the extension of the patent. And although in express terms the eighteenth section of the act of 1836 only authorizes the grant of an extension to the patentee himself, the court has sustained the grant of an extension to an executor or administrator. Wilson v. Rousseau, 4 How. [45 U. S.] 646. So the validity of a patent reissued for error in the specification, before the statute authorizing such surrender and reissue, has been affirmed. Grant v. Raymond, 6 Pet. [31 U. S.] 218; Shaw v. Cooper, 7 Pet. [32 U. S.] 292, 315.

These decisions are founded upon the principle, that the rights conferred by the patent law, being property, have the incidents of property, and are capable of being transmitted by descent or devise, or assigned by grant. If, therefore, the words of the statute were, upon the strictest rule, capable of the narrow construction contended for, it would be the duty of the court, following the analogy of the cases cited, to give such a construction as would carry out the evident intent and object of the law, rather than one which would obviously render valueless the right granted in express terms to the executor and administrator.

But the language of the statute itself is incapable of this narrow construction. Giving to the patentee the right of surrender and reissue, it makes that an assignable right, and then provides that in case of his death a similar right, that is, a right to surrender and reissue with the incident or quality of assignability, shall vest in his executor. The words used in the statute are usual and apt words to denote assignability. The assignee contemplated in the statute is the assignee of the executor as well as the assignee of the patentee.

If the demurrer could be considered as properly raising the question presented in argument whether under the statute it is requisite before a patent can be reissued that the patentee himself should make oath to the amended specification, it would be a sufficient answer to say that the statute does not require this. After the death of the original patentee the executor or administrator may make the amended specification, and it is not readily perceived why there should exist any greater objection to an amended specification filed and sworn to by an assignee under a grant than to one filed and sworn to by an assignee under operation of law. For this purpose, the owner of the patent by assignment may by fair construction be considered the patentee. Washburn v. Gould [Case No. 17,214.]

Demurrer overruled.

[NOTE. On the final hearing of this case there was a decree for complainant. See preceding case, No. 2,397.]